1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | ) Case No.: 1:17-cv-00639-SAB (PC) |
| Plaintiff, | ) ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | ) |
| J. RIVERO, | ) FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| Defendant. | ) |
| | ) [ECF No. 32] |

Plaintiff Melvin Ray Brummett, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed February 21, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding is proceeding against Defendant J. Rivero for retaliation in violation of the First Amendment.

On October 2, 2017, Defendant filed an answer to the complaint.

On October 5, 2017, the Court issued the discovery and scheduling order.

As previously stated, on February 21, 2018, Plaintiff filed a motion for summary judgment, along with a separate statement of undisputed facts. Defendant filed an opposition on March 9, 2018. Plaintiff did not file a reply and the time to do so has expired. Accordingly, Plaintiff's motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

With regard to Plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, Plaintiff must establish "beyond controversy every essential element of" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting W. Shwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)).

The moving party's evidence is judged by the same standard of proof applicable at trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

**B.   Allegations of Complaint**

On or about February 27, 2014, Plaintiff submitted an inmate appeal complaint about the D-Facility food trays returning back to G-Facility with food and trash still on the trays and inmates being held past their designated work hours. The appeal was withdrawn due to fear of retaliation from threats made by Defendant.

On or about April 27, 2014, Plaintiff submitted an inmate appeal complaining of the retaliation that took place. Plaintiff complained that on or about March 30, 2014, he was informed by Defendant Gomez that he had a phone call in the office from Defendant lieutenant Rivero in regards to his inmate group appeal log #SATF-G-1401039.

Defendant Rivero put Plaintiff on the speaker phone and informed him that he was to go and inform all the other inmates who were part of the group appeal that he (Rivero) was going to have them "all reassigned to other jobs and transferred to A-Facility." Rivero then informed Plaintiff that he had ten minutes to inform everyone who signed the group appeal before he went to the building. Approximately twenty minutes later, Gomez informed Plaintiff that Rivero and Flores and Lopez arrived to interview him regarding the group appeal.

Rivero informed Plaintiff that he was going to reassign him to another jo and transfer him from G-Facility to A-Facility "[i]f he did not sign off on the group appeal." Plaintiff signed off on the group appeal because of fear and threats of job remove and transfer.

On or about April 9, 2014, one of the threats was carried out and Plaintiff was removed from his job assignment as Lead Retherm Cook to Vocational Office Services in direct violation of the Classification Committee Action.

On or about April 10, 2014, Plaintiff went to his correctional counselor B. Mendes and explained everything that happened. B. Mendes then talked to correctional counselor II D. Hanson.

On or about April 11, 2014, Plaintiff was reassigned "back to his Lead Retherm Cook Job position because his removal went against the Classification Committee Action.["]

3

On or about February 18, 2015, the appeal which was processed as a staff complaint was denied at the third level of review.

**C.     Undisputed Facts**

1.     Defendant admits that for training purposes, he accompanied Sergeant J. Flores during an interview of Plaintiff on March 30, 2014.  (Pl.'s Mtn. Summ. J., Ex. C, Resp. to Req. for Admis. No. 18; ECF No. 32 at 19:19-24.)[1]

2.     Defendant admits that based on review of Plaintiff's inmate job assignment, he was assigned to G-Facility Vocational Office Services from G-Facility Cook Rethrem April 9, 2014.  (Pl.'s Mtn. Summ. J., Ex. C, Resp. to Req. for Admis. No. 18; ECF No. 32 at 21:13-22:2.)

3.     Defendant states that group appeals are not to be cancelled at the request of the submitting individual unless all of the inmate signatories are released, transferred, or agree to withdraw the appeal.  (Pl.'s Mtn. Summ. J., Ex. E, Resp. to Req. for Interrog. No. 4; ECF No. 32 at 29:7-13.)

**D.     Defendant's Evidentiary Objections**

Defendant objects to the following exhibits attached to Plaintiff's motion: (1) Exhibit D, Declaration of C. Hooker, first paragraph; (2) Exhibit D, Declaration of C. Hooker, third paragraph; and (3) Exhibit D, Declaration of C. Hooker, last paragraph.  (Def.'s Obj. at 1-2, ECF No. 34-3.)

1.     <u>Plaintiff's Exhibit D, Declaration of C. Hooker, first paragraph (ECF No. 32, at p. 25.)</u>

Defendant objects to the portion of the first paragraph of C. Hooker's declaration as hearsay which states, "Mr. Brummett then informed us that he got off of the phone with Lieutenant Rivero, and Lt. Rivero had informed him…" to "sent to another facility."

Defendant's objection is sustained as the above statements are hearsay under Federal Rules of Evidence 801 and 802, as they are out of court statements offered for the truth of the matter asserted.

///

///

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

4

2. <u>Plaintiff's Exhibit D, Declaration of C. Hooker, third paragraph (ECF No. 32, at p. 25)</u>

Defendant objects to the portion of the third paragraph of C. Hooker's declaration as hearsay which states, "informed us that he was forced…" to "off the Facility G."

Defendant's objection is sustained as the above statements are hearsay under Federal Rules of Evidence 801 and 802 as being offered for truth of matter asserted.

3. <u>Plaintiff's Exhibit D, Declaration of C. Hooker, last paragraph (ECF No. 32, at p. 25)</u>

Defendant objects to the portion of the last paragraph of C. Hooker's declaration as hearsay which states, "[o]n or about 4/9/2014, I was informed by Mr. Brummett that he had been removed from his job assignment in retaliation…" to "Appeal."

Defendant's objection is sustained as the above statements are hearsay under Federal Rules of Evidence 801 and 802 as being offered for the truth of the matter asserted.

**E.     Analysis of Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment and claims that the following determinations dispose of his retaliation claim against Defendant Rivero:

> That defendant J. Rivero conspired to chill the effect of Plaintiff's exercise of his First Amendment rights to file prison grievances by arbitrarily removing him from his job assignment and forcing him to withdraw his prison grievance through threats. Defendant's action chilled his exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal such as preserving institutional order and discipline, in violation of the First Amendment of the United States [C]onstitution.

(Pl.'s Mtn. for Summ J. at 10, ¶ B.)

Defendant argues that Plaintiff has not demonstrated that he took an adverse action against Plaintiff because of Plaintiff's conduct. Further, even considering Plaintiff's argument, and not merely his statement of undisputed facts, Plaintiff has not demonstrated that there is no genuine issue of material fact, and his motion for summary judgment should be denied.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. <u>Silva v. Di Vittorio</u>, 658 F.3d

5

1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has failed to meet his burden of proof as the moving party on summary judgment. Plaintiff simply restates the allegations set forth in the operative complaint, namely, that defendant J. Rivero conspired to chill the exercise of his First Amendment rights to file prison grievances by arbitrarily removing him from his job assignment and forcing him to withdraw his prison grievance through threats. (Pl.'s Mot. for Summ. J. at 10.) Plaintiff argues that Defendant Rivero accompanied another correctional employee during an interview and that Plaintiff was assigned to another job. However, Plaintiff has failed to reference undisputed facts demonstrating that Defendant Rivero took adverse action by threatening Plaintiff because of filing a grievance.

Plaintiff, as the moving party, is required to establish every element of his claim, showing that there are no disputed issues of facts. Plaintiff's undisputed facts assert only that Defendant accompanied a sergeant during an interview of Plaintiff regarding a group appeal and that Plaintiff was assigned from G-Facility dining to G-Facility vocational services on April 9, 2014. In support of his motion, Plaintiff attaches responses by Defendant Rivero to Plaintiff's discovery requests. (Pl.'s Mot. for Summ J., Ex. C at pp. 20-22.) However, in response to Plaintiff's discovery requests, Defendant Rivero denied that he told Plaintiff to tell inmates that signed the group appeal that they were going to be reassigned. (Id. at p. 20.) Defendant further denied that he threatened Plaintiff with removal from his job, either by phone or during an interview. (Id. at pp. 20-21.) Further, in opposition, Defendant Rivero has submitted a declaration in which he declares that he "did not threaten Plaintiff or retaliate against him for filing an inmate appeal, group appeal or for any other reason on March 30, 2014, or any other date." (Declaration of J. Rivero, ¶ 3, ECF No. 35.) Rivero further declares that he "did not have Plaintiff removed or reassigned from his job on April 9, 2014, or any other date, I also did not threaten Plaintiff with reassignment or removal from his job." (Id. ¶ 4.) Plaintiff has failed to present undisputed facts to establish his retaliation claim against Defendant

Rivero.  Accordingly, Plaintiff has failed to meet his burden on summary judgment and his motion must be denied.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment on his retaliation claim against Defendant Rivero be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 2, 2018**

UNITED STATES MAGISTRATE JUDGE